**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

MARK HOFFMAN, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

EPICC INVESTMENTS INC d/b/a AMERICAN INDEPENDENCE GOLD,

Defendant.

Case No.

**COMPLAINT - CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Mark Hoffman ("Plaintiff"), individually and on behalf of others similarly situated, alleges the following against Epicc Investments Inc., d/b/a American Independence Gold ("Defendant").

## I. NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Defendant solicits individuals to acquire physical gold and silver, or buy gold-related retirement or investment services through their company.

4. Defendant made calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

5. Plaintiff now files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

## II. JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7. This Court has personal jurisdiction over Defendant because it regularly conducts business in this District, including making telemarketing calls into this District and soliciting business from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, namely the telemarketing calls to the Plaintiff.

## III. PARTIES

9. Plaintiff is a citizen of Washington, residing in this Division.

10. Defendant is a corporation headquartered in West Palm Beach, Palm Beach County, Florida.

## IV. TCPA BACKGROUND

11. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of


Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V. FACTUAL ALLEGATIONS

15. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendant prior to receiving the messages at issue.

17. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

18. Plaintiff's cellular number ends in 9916 and has a Washington area code.

19. Plaintiff is the subscriber and customary user of the number.

20. Plaintiff uses his cellular telephone number for personal, family, and household purposes, not business purposes.

21. The telephone number is assigned to Plaintiff for cellular service and is residential in character.

22. The number was registered on the National Do Not Call Registry more than 31 days before the calls at issue.

23. Plaintiff never purchased anything from, transacted with, or made an inquiry to Defendant.

24. Despite this, Defendant sent at least 13 text messages to Plaintiff:

25. On May 22, 2024 Defendant sent Plaintiff the following text message:

> Red Alert! Biden Pays off $7.7 Billion in Student Debt. Call Now To Stop Him (833) 324-4653 (Reply STOP to opt-out) (STOP to end. HELP for help.)

26. On May 29, 2024 Defendant sent Plaintiff the following text message:



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

Red Alert- Trump Could be Found Guilty and Destroy the Economy. Call Now To Protect Your Assets (833) 324-4653 (Stop To Opt-out)

27. On June 11, 2024 Defendant sent Plaintiff the following text message:

Red Alert! Biden Admin Passes DEI Bill For Immigrant Basic Income. Call Now To Stop This Regime (833) 324-4653 (Stop To Opt-out)

28. On June 11, 2026 Defendant sent Plaintiff the following two text messages:

Mike Lindell here: They're dismantling your freedoms from the inside. Our Red Alert Report exposes the Deep State plan. Call 844-314-5114 TODAY!

You've agreed to receive messages from American Independence Gold. Reply STOP to unsubscribe or HELP for help. Msg&Data rates may apply.

29. On June 16, 2026, Defendant sent Plaintiff the following text message:

Mike Lindell ALERT: Deep State operatives are targeting the financial system. Patriots must act NOW. Call (844) 314-5114 for the full report!
Halt to End

30. On June 18, 2026, Defendant sent Plaintiff the following text message:

Mike Lindell Here, Your freedoms. Your money. Your future. The Deep State is coming for all of it. Call 844-314-5114 NOW to get the Red Alert Report
Halt to End

31. On June 23, 2026, Defendant sent Plaintiff the following text message:

Mike Lindell Alert: Your retirement & nest egg is under attack by the Deep State. Call to get Mike's free Red Alert Report (844)314-5114.
God Bless
Halt=End

32. On June 30, 2026, Defendant sent Plaintiff the following text message:

Mike Lindell Alert: The Deep State controls elections & retirement funds. Don't let them control yours. Get Mike's Free Report: (844)314-5114 God Bless
Halt=End



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

33. On July 2, 2026, Defendant sent Plaintiff the following text message:

> Socialism is rising. Banks are funding this movement. Protect your wealth - get our FREE report now. Call (844)314-5114
> Halt=Stop

34. On July 7, 2026, Defendant sent Plaintiff the following text message:

> Mike Lindell Alert: Your retirement is the Deep State's next target. Protect yourself, get Mike's free Red Alert Report now: (844)314-5114 God Bless
> Halt=End

35. On July 22, 2026, Defendant sent Plaintiff the following text message:

> Mike Lindell Alert: Banks are quietly debanking conservatives. Don't get caught off guard. Get your Red Alert Report call now 844-314-5114 Bless
> Halt to Stop

36. On August 18, 2026, Defendant sent Plaintiff the following text message:

> They've filed to impeach him repeatedly. Midterms could give them the votes. Call now for your FREE Red Alert Report 844-314-5114 God Bless halt to end

37. As evidenced by the text messages, Defendant conducts business under the trade name "American Independence Gold."

38. Defendant sells physical gold and silver and promotes precious-metals investments and gold-related retirement products.

39. Defendant operates from 1665 Palm Beach Lakes Boulevard in West Palm Beach.

40. Defendant advertises the telephone number 844-714-4653**.**

41. Defendant's materials use the name American Independence Gold and promote a relationship with Mike Lindell, the founder and former CEO of My Pillow.

42. Defendant's website quotes Lindell as stating: "I only support one gold company, and that's American Independence Gold."


Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

43. The messages Plaintiff received promoted the “Red Alert Report” using Mike Lindell’s name and instructed recipients to call 844-314-5114**.**

44. The second message Plaintiff received expressly stated: “You’ve agreed to receive messages from American Independence Gold.”

45. The express identification of American Independence Gold, common sender number, uniform content, common callback number, and repeated campaign establish that the texts were sent by or on behalf of Defendant.

46. Defendant’s written telemarketing policy states that text messages sent by Defendant identify “American Independence Gold as the sender.” Consistent with that policy, the text messages sent to Plaintiff expressly identified American Independence Gold.

47. Plaintiff sent a letter to Defendant to request a copy of its written policy for maintaining a do-not-call list pursuant to 47 C.F.R. § 64.1200(d)(1).

48. Defendant’s response included its written “DO-NOT-CALL POLICY.” Although the policy identifies the suppression lists and databases Defendant states it uses for its telemarketing campaigns–including its company-specific do-not-call list, applicable state do-not-call lists, and the Reassigned Numbers Database–it does not identify the National Do Not Call Registry as a list against which Defendant screens or suppresses telephone numbers before telemarketing calls or text messages are made. The policy further states that persons or entities making telemarketing calls or sending text messages on Defendant’s behalf are contractually required to comply with Defendant’s do-not-call policy and transmit do-not-call requests to Defendant.

49. Defendant markets and sells physical gold and silver, Gold IRAs, and other precious-metals investment products and services.

50. As part of its marketing activities, Defendant created and promoted a webpage titled “The Red Alert Report.”



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

51. The Red Alert Report is not merely a political publication or public-service announcement. It is part of Defendant's marketing funnel for its precious-metals and Gold IRA business.

52. The Red Alert Report uses political and economic fears to encourage consumers to invest in gold and silver through Defendant. Among other things, the report asks consumers, "Is Your Portfolio Crisis Proof?" and represents that gold and silver IRA investments offer "strong growth potential during economic crises."

53. After presenting those claims, the Red Alert Report directs consumers to the "Next Steps: Open An Account" and provides a "Get Started" link.

54. The Red Alert Report also invites consumers to download Defendant's "Free Gold & Silver Investment Guide," which purportedly explains how precious metals can "protect and grow your wealth" and provides information about "starting a Gold IRA today."

55. The same webpage describes Defendant as a company that helps consumers secure their retirement through "Gold IRA and Gold investment solutions" and provides links through which consumers can open an account, convert an existing IRA, use a 401(k) to purchase gold, or purchase gold and silver directly.

56. Thus, the Red Alert Report served as an advertisement and lead-generation device for Defendant's gold, silver, and retirement-investment products. Its purpose was to attract prospective customers, obtain their information, connect them with Defendant's sales personnel, and encourage them to open accounts or purchase precious metals.

57. Defendant promoted the Red Alert Report through a coordinated text-message campaign. The messages used political and economic warnings to create a sense of urgency and then instructed recipients to call 844-314-5114 to obtain the report.

58. Although the messages were framed as political alerts, their content repeatedly focused on the recipients' money, wealth, retirement savings, nest eggs, financial security, and



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

investment portfolios—the same subjects Defendant uses on the Red Alert Report webpage to market its precious-metals products.

59. The messages were therefore sent for the purpose of encouraging the purchase of or investment in Defendant's property, goods, or services and constituted "telephone solicitations" under the TCPA.

60. The messages were also "commercial electronic text messages" under Washington law because they promoted Defendant's gold, silver, Gold IRA, and related investment products and services.

61. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing text messages, which violated the TCPA, and the Washington CEMA and CPA.

62. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone message space, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## VI. CLASS ACTION ALLEGATIONS

63. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

64. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

> **Washington CEMA Class:** All persons in the State of Washington whose (1) cellular telephone or pager numbers, (2) received a text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

65. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

66. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

67. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

68. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

c. Whether Defendant sent text messages without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages Defendant sent to Washington residents' cell phones or pagers;

e. Whether Defendant should be held liable for violations committed on its behalf, if any; and

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

69. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

70. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

71. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

72. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

73. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

74. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls and/or text messages to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

75. These violations were willful or knowing.

76. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

77. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT II**



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

**Violations of the WA CEMA and CPA, RCW 19.190.060 and RCW 19.86**
**(On Behalf of Plaintiff and the Washington CEMA Class)**

78. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

79. It is a violation of the Washington CEMA to "initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service..." RCW 19.190.060.

80. A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.* RCW 19.190.100; *Wright v. Lyft, Inc.,* 406 P.3d 1149, 1154-55 (Wash. 2017).

81. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' s behalf violated the WA CEMA by initiating or assisting in the transmission of multiple electronic commercial text messages to telephone numbers assigned to Plaintiff and other Washington residents for cellular telephone or pager service.

82. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of CEMA's restrictions, Plaintiff and members of the Washington CEMA Class are each entitled to an injunction and $500 in damages for each such violation. RCW 19.190.040.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the National DNC Class as alleged herein;

B. Certification of the Washington CEMA Class as alleged herein;

C. Appointment of Plaintiff as representative of the Classes;

D. Appointment of the undersigned as counsel for the Classes;



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746

E. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5) and Washington State Law;

F. Injunctive relief for Plaintiff and members of the Classes, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry;

G. Attorneys' fees and costs, as permitted by law; and

H. Such other or further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 5th day of November, 2026.



Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
michael@brubakerlawgroup.com
(206) 335-8746